**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 22, 2006, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: December 22, 2006**

Arthur I. Harris
United States Bankruptcy Judge

___

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 06-15667 |
| | ) | |
| ROSEMARY SULLIVAN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION

Before the Court is the debtor's motion for a stay pending appeal (Docket #33) and an objection (Docket #37) by Geauga Savings Bank. For the reasons that follow, the motion is denied.

BACKGROUND

The issues before the Court pre-date this case by nearly six months, and have their root in a prior case filed by the debtor's husband, Arthur Sullivan. Mr. Sullivan filed three bankruptcy cases between January 23, 2004, and February 24, 2006. One aim of these cases was to stay a foreclosure action by

Geauga Savings Bank ("Geauga Savings"), which holds the first mortgage on the Sullivans' residence.

In Mr. Sullivan's most recent case, Case #06-10498, the Court granted Geauga Savings' motion for relief from stay on June 12, 2006. Geauga Savings did not seek relief from the co-debtor stay imposed by section 1301 of the Bankruptcy Code. On June 21, 2006, the Cuyahoga County Court of Common Pleas returned the foreclosure action to the active docket and on June 26, 2006, ordered the sheriff to conduct a sale of the Sullivans' residence. Mr. Sullivan moved to dismiss his bankruptcy case on June 29, 2006, and his case was dismissed on June 30, 2006.

In addition to seeking relief from stay, Geauga Savings had also sought *in rem* relief. The Court held an evidentiary hearing on the motion on August 11, 2006. Mr. Sullivan, through his counsel, who is now the debtor's counsel, twice moved to dismiss the evidentiary hearing. Those motions were denied. Prior to and at the hearing counsel noted that Geauga Savings had not properly served Mrs. Sullivan with notice of the *in rem* request. Counsel also noted that Geauga Savings had not sought relief from the co-debtor stay, and informed the Court that he was opposing the foreclosure sale in state court on this basis. Counsel did not move to vacate the order granting relief from stay, nor did he take any other action

to place the issue of the co-debtor stay before the Court. Instead, he emphasized the inadequate service of Geauga Savings' motion on Mrs. Sullivan. Counsel did emphasize, however, that he did not represent Mrs. Sullivan, and at one point recommended to Mrs. Sullivan that she seek her own counsel.

Mrs. Sullivan did have actual notice of Geauga Savings' motion, and she was present at the evidentiary hearing. She was not represented by an attorney, but she did speak on her own behalf. Mrs. Sullivan did not raise the issue of the co-debtor stay.

After hearing from the parties and Mrs. Sullivan, the Court indicated that service on Mrs. Sullivan did not conform to the relevant rules, and suggested that the hearing would need to be adjourned so Geauga Savings could effect proper service. Geauga Savings then withdrew its request for *in rem* relief.

The residence was sold at a sheriff's sale on August 14, 2006, and Geauga Savings purchased the home. The sale was confirmed on September 18, 2006. The Common Pleas Court rejected the Sullivans' contention that the August 14th sale could not be confirmed because of the alleged violation of the co-debtor stay. On September 26, 2006, Geauga Savings issued a writ of possession to the Cuyahoga County Sheriff seeking to evict the Sullivans and to obtain possession of the house. The eviction was scheduled for November 16, 2006, but on

November 15, 2006, the debtor filed her Chapter 7 petition, which stayed the eviction.

Hours after commencing her bankruptcy case, the debtor also filed an adversary complaint against Geauga Savings. The debtor sought to avoid the "postpetition transfer" of the debtor's residence to Geauga Savings. In addition, the debtor sought damages and attorneys fees for violation of the co-debtor stay, as well as other injunctive and declaratory relief. The debtor voluntarily dismissed her adversary complaint on December 15, 2006.

On November 28, 2006, Geauga Savings moved for relief from stay. On December 5, 2006, the Court granted Geauga Savings' motion, and the debtor now seeks to stay execution of this order pending its appeal.

## DISCUSSION

*Standard for Determining Whether to Issue a Stay Pending Appeal*

Under Bankruptcy Rule 8005, the factors to be considered by a court in determining whether a stay or injunction pending appeal should issue are: (1) whether the applicant has demonstrated a likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other interested parties; and (4) whether the public interest would be served by issuing the stay. *See Mich.*

4

*Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together."); *In re Dow Corning Corp.*, 255 B.R. 445, 542 (E.D. Mich. 2000); *In re Best Reception Sys., Inc.*, 219 B.R. 988, 992-94 (Bankr. E.D. Tenn. 1998) (applying Rule 8005 and *Griepentrog* standard); *In re Abbo*, 191 B.R. 680, 682 (Bankr. N.D. Ohio 1996) (same).

*Application of Standard to Debtor's Motion*

In applying these factors to the circumstances of this case, the Court first concludes that the debtor's appeal has little likelihood of success on the merits. In order to prevail on appeal, the debtor must show that the Court abused its discretion in granting relief from stay. *See In re Laguna Assocs. Ltd. P'ship,* 30 F.3d 734, 737 (6th Cir. 1994) ("This Court reviews a bankruptcy court's order granting or denying relief from an automatic stay only for abuse of discretion."); *In re White*, 851 F.2d 170, 174 (6th Cir. 1988) (finding no abuse of discretion where bankruptcy court lifted stay to permit divorce action to proceed in state court); *see also In re Federated Dept. Stores, Inc.*, 328 F.3d 829, 837 ("We review a bankruptcy court's refusal to lift a stay for abuse of discretion."). 11 U.S.C. § 362(d)(1) provides that the court shall grant relief from stay "for cause, including

the lack of adequate protection."

As of the petition date, the debtor had only a possessory interest in the property. Geauga Savings currently holds title to the property and is thus liable for all taxes. In addition, Geauga Savings bears the risk of loss in the event of fire, flood, or other damage. The debtor, meanwhile, has no obligation to maintain the property nor even to pay rent. As was set forth in Mr. Sullivan's most recent case, the Sullivans have been making only sporadic payments, if any, on their mortgage for the past several years. Geauga Savings is not adequately protected. Therefore, the Court believes it was in its discretion to grant relief.

The debtor, in her objection to the motion, argued that granting relief from stay was contingent on the resolution of the issues raised in her adversary complaint, which has now been voluntarily dismissed. For the reasons just stated, the Court believes there are adequate statutory grounds for granting relief. In addition, while the Court does not wish to pre-judge any of the debtor's potential claims or remedies, the Court notes that the debtor's position appears very weak. First, the debtor litigated and lost the issue of the co-debtor stay in state court and never sought an appeal, so a collateral attack in this court may be barred by issue preclusion. Second, the co-debtor stay terminated with the dismissal of Mr. Sullivan's case, so the only action that could have violated the co-debtor stay

was the order to re-set the sale.  Third, the debtor had sought to avoid the sale and confirmation as a postpetition transfer under section 549, but only the trustee, not the debtor, may avoid postpetition transfers, so the debtor lacks standing.  In addition, actions to avoid postpetition transfers may not be commenced after a case is dismissed.  11 U.S.C. § 549(d).  Fourth, any claim that the debtor has for money damages is a prepetition claim, and thus property of the estate under 11 U.S.C. § 541, so the debtor again lacks standing to pursue it.  Accordingly, the Court finds that the debtor's likelihood of success is very nearly zero.

As for the remaining factors, the Court finds that the debtor may be irreparably harmed if no stay is issued because Geauga Savings may be able to evict the debtor and sell the residence to a good faith purchaser.  Such a sale may extinguish any potential claim for the property.  In addition, an eviction alone, regardless of a sale, may render the appeal moot.  Against this finding, however, the Court finds that issuance of the stay will substantially injure Geauga Savings for the reasons set forth above.  Geauga Savings bears all of the risk of loss in this case, and a stay would only increase that risk.  Finally, the Court finds that no public interest is served by issuing the stay.  Therefore, the relevant factors do not support the granting of a stay pending appeal under Bankruptcy Rule 8005.

7

CONCLUSION

For the foregoing reasons, the debtor's motion for a stay pending appeal (Docket #33) is denied.

IT IS SO ORDERED.